#### IN THE

# SUPREME COURT OF THE STATE OF GEORGIA

## AT MILLEDGEVILLE.

## MAY TERM, 1858.

Present—JOSEPH H LUMPKIN.
CHARLES. J. McDONALD, } Judges.
HENRY L. BENNING,

---

Wm. W. Ross, et al. plaintiffs in error, vs. Martha B. Ross, defendant in error.

Stock in the Eatonton Branch Railroad, is not subject to garnishment, at the instance of creditors of the Stockholders.

Attachment, from Putnam county. Decided by Judge Hardeman, March Term, 1858.

An attachment was sued out by Martha B. Ross, suing for the use of George W. Ross against William W. Ross and Francis D. Ross, residing without the limits of the State of Georgia, on a promissory note for $500 and interest. On this attachment was issued ; a summons of garnishment, directed to The Eatonton Railroad ; the summons was served on Michael Dennis, President of the Eatonton Branch Railroad. He answered that William W. Ross was the holder of fifty shares of stock in the said Road, and that Francis D. Ross was the holder of forty-eight shares therein, and that

in other respects, if in this, the said road did not owe and had not owed either of them, or had any effects of either of them.

When the attachment came on to be heard, the defendant's counsel moved the Court to dismiss the same on the following grounds:

1st. That it appears to the Court that said attachment was served on the shares of defendants, as stockholders in the Eatonton Branch Railroad, by a summons of garnishment directed to said Eatonton Branch Railroad.

2d. Because the shares of a stockholder in a corporation cannot be levied on by an attachment, neither directly nor through the means of a summons of garnishment issuing under said attachment.

3d. Because it appears that said attachment was served by a summons of garnishment, directed to the Eatonton Branch Railroad.

4th. Because said summons of garnishment being directed to the Eatonton Branch Railroad, was served upon the President of said road, and not by leaving the same at the place of transacting the usual, and ordinary public business of said corporation, the same being within the jurisdiction of said Court.

The Court overruled this motion, and the case having been proceeded with, a verdict was rendered for the plaintiff.

To this decision of the Court the defendants excepted, and filed their bill of exceptions, assigning the same as error.

Davis & Lawson, for plaintiffs in error.

Hudson, *contra.*

*By the Court.*—Benning, J. delivering the opinion.

Was the Court right in overruling the motion to dimiss the attachment?

One of the grounds of the motion was, that stock in this

Ross et al. vs. Ross.

railroad is not subject to garnishment by creditors of the stockholders. Was this a good ground?

The answer to this question, depends on the import of the act of 1856, "to authorize the issuing of attachments and garnishments," &c; for, the 55th section of that act, repeals "all acts, and parts of acts, upon the subject of attachments and garnishments." Acts of 1856, 38.

By the 13th section of this act, the summons of garnishment, is to be "directed to any person who may be indebted to, or have property or effects, of the defendant, in their hands."

By this section, then, it would seem, that *all* of the debts, property, and effects, of the debtor, are subject to garnishment.

But the 16th section says, "where the garnishee appears and answers that he is indebted, or has property, or effects in his hands, belonging to the defendant in attachment, judgment shall be rendered against him, in favor of the plaintiff, for such acknowledged indebtedness, and the property and effects, whatever they may be, shall be delivered into the hands of the Sheriff," &c.

Where the answer is, that he is, "indebted," judgment is to be entered against him, "for such acknowledged indebtedness."

Is stock in this railroad such a debt, ("indebtedness,") of the railroad to the stockholder, that a garnishing creditor of the stockholder, can enter up judgment for it, against the railroad? It is not; it is a debt which, the railroad dares not pay even to the stockholder himself; the road may pay him *dividends* on it, but that is all. See *charter, section, 3, Acts of 1850, 240; and charter of Central Railroad, Rule 7, (Pr. Dig. 330.)*

The debt which a corporation owes to one of its stockholders for his stock, is a debt of a peculiar nature. It is a debt not to be paid, until the corporation comes to wind itself up. When the corporation winds itself up, then it pays back

to its stockholders, the money, it received from them for its stock; during its existence it may pay them the profits which it makes on their money, but anything beyond the said profits, it dare not pay them. This is generally true. It is true in the case of this corporation.

When will this corporation wind itself up? It may never do so. Its charter sets no limits to the time of its existence. *Pr. Dig.* 333.

It follows, that the time may never come, when this corporation will be bound to pay back to the Rosses, the money it received from them for their stock. If so, of course, no judgment can be got against the corporation, requiring it to pay that money at any particular time; consequently, no judgment can be got against the corporation, under the said 16th section of the act, for the judgment it contemplates is one requiring immediate payment.

There is no other part of the act under which such a judgment can be got.

We may conclude, therefore, that although, the language of the 13th section of the act, is broad enough to include all debts, yet that the 16th section of the act is such, as to require this language to be so restricted, that it shall not include such a debt as this; a debt which a corporation owes to one of its stockholders, for the money received from him for his stock.

If dividends were due to the Rosses, the case would be different. Dividends, there is little doubt, stand on the same footing as ordinary debts due from the corporation to its stockholders.

The judgment that is needed in such a case as the present, is a judgment authorizing a *sale* of *the stock*. There is no law authorizing such a judgment in attachments or garnishments, 16 *Ga.* 437. There is a law making " bank and other stock, subject to execution." *Cobb, Dig.* 511. But this law, does not reach the present case.

We think, then, that this stock of the Rosses, was not sub-

ject to this garnishment, and, therefore, that the Court erred in not dismissing the attachment.

It becomes useless to consider the other grounds of the motion.

Judgment reversed.