## Willoughby, Appellant, *v.* Barrett.

*Foreign attachment — Stock of corporation — Garnishment — Trusts and trustees.*

Shares of stock of a corporation cannot be seized by a creditor of the owner of the stock in foreign attachment proceedings against the corporation.

Where stock of a corporation stands in the name of a decedent, and the certificate is in the hands of a testamentary trustee, such stock cannot be taken in foreign attachment proceedings against the corporation by a creditor of the cestui que trust. The Act of March 29, 1819, P. L. 217, does not apply to such a case.

*Trusts and trustees—Active and dry trust.*

Where a testamentary trustee is given the control of the corpus of the estate, the collection of interest and dividends, and their payment to the life tenant, and the distribution of the principal as money, not in kind, to the parties entitled to it after the death of the life tenant, the trust is an active and not a dry trust.

Argued Dec. 3, 1914.  Appeal, No. 190, Oct. T., 1914, by plaintiff, from order of C. P. No. 1, Philadelphia Co., June T., 1914, No. 97, quashing foreign attachment in case of Frank J. Willoughby v. Emma A. Barrett and

242, (1915).]   Assignment of Error—Opinion of the Court.

Randolph Barrett, defendant, and Farmers' and Mechanics' National Bank, Garnishee.   Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Foreign attachment.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order quashing the writ.

*Trevor T. Matthews,* for appellant.—The cases where corporation stock has been attached by foreign attachment are as follows: Christmas v. Biddle, 13 Pa. 222; United States v. Vaughan, 3 Binney 392.

*J. Frank Staley,* with him *Lewis, Adler & Laws,* for appellee.—A corporation cannot be charged as garnishee in foreign attachment, at the suit of a creditor of a nonresident stockholder, where the certificate of stock has been actually issued and is not in its custody or control: Pease v. Chicago Crayon Co., 253 Ill. 391; Ross v. Ross, 25 Ga. 297; Evans v. Monot, 4 North Carolina 227; Foster v. Potter, 37 Missouri 525.

OPINION BY TREXLER, J., July 21, 1915:

Johanna Cummings at the time of her death was the owner of nine shares of the capital stock of the Farmers' and Mechanics' National Bank and in her will she disposed of the stock as follows:

"First: I am possessed of at this time of five hundred dollars invested in the bonds of the United States of America, commonly called five twenty bonds; and nine shares of the capital stock in the Farmers' and Mechanics' National Bank of Philadelphia, of which sum I give and bequeath unto Elizabeth, wife of Buren Larsen, the sum of two hundred dollars ($200). The residue of said money I wish to remain in the hands and under the control of my executors or the survivor of them, in the case

of the death of either, they paying to my son, Jacob C. Cummings, the interest and dividends to arise thereon, as the same shall be collected, during his natural life, and from and immediately after the death of the said Jacob C. pay the principal sum thereof to my son, Segismund in case he be living and in case of his death before his brother Jacob C., then to his children, in equal parts, if more than one."

The stock still stands registered in her name but the certificate is in the hands of an administrator c. t. a. Emma A. Barrett is one of the remaindermen, being a daughter of the Segismund referred to in the will, and a creditor of the said Emma A. Barrett has brought a foreign attachment against her as defendant and summoned the Farmers' and Mechanics' National Bank as garnishee, the attempt being to bind whatever interest the defendant may have in the nine shares of stock owned by the decedent. No account has been filed by the administrator c. t. a. since the cestui que trust for life died and no distribution has been made among the remaindermen.

The court below, filing no opinion quashed the writ.

Was the interest of the remainderman in the shares of bank stock held by the estate of her decedent liable to attachment in the hands of the bank? In the absence of express statutory provision stock owned by an individual in a corporation cannot be reached by garnishment proceedings against such corporation: 20 Cyc. 990. A number of authorities are cited in support of this statement in the footnotes and the principle seems to be supported generally by text-book writers that the process of garnishment is proper only where a debt is due from a third person to the defendant debtor. It is not a proper remedy for reaching shares of stock owned by the debtor. The corporation owes the stockholder no debt, and by no fiction of law can it be held to be a debtor of the defendant debtor: 2 Cook on Corporation, Section 491.

Shares of stock are not representations of money, nor

are they evidences of debt.  The mere ownership of shares therefore does not constitute the owner a creditor of the corporation issuing them; nor from the fact that a corporation has in its possession the corporate stock book can it be inferred that the corporation has in its possession property belonging to its members.  The stock book constitutes the legal evidence of the legal title to stock it is true, but the property is deemed to be in the possession of the stockholder and the corporation has no dominion thereover except in so far as such dominion may be for its own protection.  It follows, therefore, that where a stockholder is indebted to a third party such third party cannot subject the shares of such debtor to satisfaction of his claim by service of garnishment process on the corporation: Hellwell on Stockholders, p. 760.  Other authorities to the same effect are Clark & M., Private Corporations, p. 1149; 2 Wade, Attachment & Garnishment, Section 408; Shinn, Attachment & Garnishment, Section 498.

Our inquiry therefore must be whether there is any legislative authority in Pennsylvania that authorizes the binding by a writ of foreign attachment the interest of a debtor in the shares of stock of a corporation.  The Act of June 13, 1836, P. L. 568 (580), Section 43, relating to the commencement of personal actions by foreign attachment provides that the sheriff "shall attach (the defendant) by all and singular the goods and chattels, lands and tenements, in whose hands or possession soever the same may be."  Section 44 provides that such writ may issue "against the real or personal estate of any person not residing within the Commonwealth and not being within the county where such writ shall issue, at the time of the issuing thereof."  Section 45 provides that "in every writ of attachment as aforesaid shall be contained a clause, commanding the officers to summon all persons in whose hands or possession the said goods and chattels, or any of them, may be attached, so that they and every one of them be and appear before the said

courts, at the day and place mentioned in the said writ, to answer what shall be objected against them, and abide the judgment of the court therein." Section 48 provides that the officer "shall go to the person in whose hands or possession the defendant's goods or effects are supposed to be."

By the Act of July 27, 1842, P. L. 436, it is provided that all legacies given shall be subject to attachment by any creditor of the legatee by writ of foreign attachment in the hands of the executor or administrator, "or in whose hands or possession the same may be," as full and effectually as in other cases.

We find nothing in either of the above acts which would make bank stock in the hands of the bank subject to foreign attachment. The bank has not in its possession goods or chattels belonging to the defendant. There is abundant authority for this view in the decisions of the courts of other states although the matter has not been decided by any of our appellate courts. In the Am. & Eng. Ency. of Law under the title of Garnishment, Vol. XIV, p. 796 (2d Ed.), we find, the question has arisen whether a corporation can be charged as garnishee at the suit of creditors of a stockholder, on account of the ownership by the latter of stock in the corporation, and it is held by the weight of authority, under the statutes providing for a summons of garnishment to be issued to persons "indebted" to the defendant or having "property or effects" of the latter, that stock in a corporation cannot be reached by garnishment served upon the corporation as in such a case the corporation cannot be said to be indebted to the stockholder, nor can it be said to have property or effects of the stockholder.

The statutes of many of the states contain words of like meaning as those found in our act, and the cases almost uniformly hold that the relation of a corporation to its stockholders does not put the corporation in the position of having in its possession the property or effects belonging to the stockholder. Among many of the

cases which may be cited in support of this position are
Pease v. Chicago Crating Co., 253 Ill. 391; Ross v. Ross,
25 Ga. 297; Evans v. Monot, 4 North Carolina, 227;
Foster v. Potter, 37 Missouri 525. All of these cases and
a number more, which we need not cite, are to the effect
that statutes which make property or effects of the debt-
or the subject of attachment in the hands of a third per-
son as garnishee, do not cover the attaching of the stock
of a corporation by making the corporation which issued
such stock garnishee in the suit.

Some reference is made in the appellant's argument
to the provision in the Act of March 29, 1819, P. L. 217,
which provides that the stock of any body corporate
owned by any individual in his own name shall be liable
to be taken in execution and sold as goods and chattels
are liable in law to be taken and sold and that where
stock is held in another name or names than that of the
real owner or owners the stock shall be liable for the
debts of the real owner or owners and provides that the
plaintiff after filing an affidavit as to the real ownership
of the stock in the proper court in which suit is about to
be instituted and entering into a recognizance, the court
may issue process in the nature of foreign attachment
against such stock and summon as the garnishee the per-
son or persons in whose name the same shall be held.
This act does not apply to the case before us. It makes
no reference to the residence of the defendant, and does
not contemplate the securing of service upon an absent
defendant by an attachment of his property but is an act
affording the means by which stock may be sold by writ
of execution and defining a method of determining the
real owner, where such stock is not held in the name of
the true owner. Furthermore, a valid attachment under
the Act of 1819 requires an affidavit and recognizance, as
a necessary prerequisite. Almost the identical provi-
sions are found in Section 32 of the Act of June 16, 1836,
P. L. 755, and the Supreme Court in First National Bank
v. Trainer, 209 Pa. 387, held that to constitute a lawful

seizure, the attachment should have been preceded by an affidavit and recognizance.

There has been some question raised as to whether the trust under decedent's will was an active trust or a dry trust, it being argued that if it were a dry trust the remaindermen would be the actual owners of the shares of stock and thus have an interest in it which could be attached under the Act of 1842, supra. We cannot assent to this proposition. A reading of the will convinces us that the duties imposed upon the executor were active. He was to have the control of the corpus of the estate, the collection of interests and dividends and their payment to the life tenant and the distribution of the principal as money, not in kind, to the parties entitled to it after the death of the life tenant, subject necessarily to deductions for expenses and commissions. He was the custodian of the assets of the estate and if the interest of any of the heirs were sought to be attached, he would be the proper person to be named as garnishee.

The assignments are overruled and the order of the court is affirmed. Appellant for costs.