## Wright v. Wright.

*Foreign attachment—Nonresident defendant—Stock of corporation—Acts of March 29, 1819, 7 Sm. L. 217, and June 13, 1836, Secs. 43-79, P. L. 568.*

The stock of a corporation may be attached in foreign attachment proceedings under the Act of June 13, 1836, P. L. 568, where such stock stands in the name of a person other than the nonresident defendant; and the plaintiff is not obliged to file at the time of the issuance of the writ, the affidavit and recognizance required under the Act of March 29, 1819, 7 Sm. L. 217.

The Act of March 29, 1819, 7 Sm. L. 217, is not the remedy to attach the stock of a nonresident defendant, standing in the name of another person.

Argued Nov. 2, 1916. Appeal, No. 373, Oct. T., 1915, by Fairmount Savings Trust Co., Garnishee, from order of C. P. No. 2, Philadelphia Co., Sept. T., 1912, No. 12, refusing motion to quash writ of foreign attachment in case of Elizabeth T. Wright v. George Wright. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Motion to quash writ of foreign attachment. Before BARRATT, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was order refusing motion to quash writ of foreign attachment.

*Howard Schell Baker,* with him *Franklin Spencer Edmonds,* for appellant.—The Act of Assembly of March 29, 1819, Para. 2, 7 Sm. L. 217, 2 Purdon 1545, provides the only manner whereby shares of stock which have been assigned to other than the defendant, may be attached before judgment obtained: Evans v. Brownscombe, 8 Pa. C. C. R. 456; Eby v. Guest, 94 Pa. 160;

First Nat. Bank of Woodstown v. Trainer, 209 Pa. 387;
Taylor v. Knipe, 2 Pearsons 151.

*C. Brewster Rhoads,* of *Rhoads, Montgomery & La-
zowick,* with him *F. P. Ellis,* for appellee.—The interest
of a nonresident defendant in shares of stock of a corpo-
ration which have been assigned as collateral security,
is properly attachable under the ordinary writ of for-
eign attachment: Griffith v. Hughes, 6 Pa. C. C. R. 534;
Christmas v. Biddle, 13 Pa. 222.

The Act of March 29, 1819, requiring the filing of an
affidavit and recognizance, where the stock attached is
held in the name of another than the real owner, is in-
applicable to foreign attachment proceedings: Wil-
loughy v. Barrett, 60 Pa. Superior Ct. 242.

OPINION BY TREXLER, J., March 16, 1917:

A writ of foreign attachment, June 21, 1912, was di-
rected against ten shares of the capital stock of the Penn-
sylvania Railroad Co., assigned by the defendant, a non-
resident, to the garnishee as collateral security for a cer-
tain loan made by the garnishee to the defendant. The
matter proceeded in regular course. There was a state-
ment of claim and an answer, followed by interrogatories
and answers.

On May 19, 1914, almost two years after the writ was
issued the garnishee moved to quash the writ, the sole
reason given being that the plaintiff did not file at the
time of the issuance of the writ, the affidavit and recog-
nizance required under the Act of March 29, 1819, 7 Sm.
L. 217, Par. 2. The Act of 1819 provides for the sale of
stock by writ of execution. Section three is preceded by
a sentence in the nature of a preamble, "Whereas it
sometimes happens that the stock of such bodies corpo-
rate is held in another name or names than that or those
of the real owner or owners thereof and it is just that
stock so held should be made liable for the debts of the
real owner or owners. Therefore, Section 3......That

whenever any plaintiff or creditor shall file an affidavit with the prothonotary of the court......in which...... such plaintiff......has instituted, or is about to institute a suit, stating that he verily believes such stock to be really and bona fide the property of the debtor against whom such suit has been, or is about to be brought, and also shall enter into a recognizance with two sufficient sureties conditioned for the payment of such damages, as such court......may adjudge to the party or parties to whom such stock shall really belong, in case such stock should not be the property of such debtor, it shall and may be lawful for such court......to cause to be issued process in the nature of a foreign attachment against such stock, and to summon as garnishee the person or persons in whose name or names the same shall be held and proceed against the said stock and such garnishee, in all respects in the same manner as by the laws of this Commonwealth proceedings now are or hereafter may be prescribed in cases of foreign attachments against personal estate, and upon judgment being had in favor of the plaintiff in any such suit, execution may issue immediately for the sale of such stock, in the same manner that goods and chattels are sold on writs of fieri facias, etc."

The plaintiff proceeded under the Act of June 13, 1836, P. L. 568, Sections 43-79. That act provides that "the writ of (foreign) attachment may be issued against the real and personal estate of any person not residing in this Commonwealth. It makes no provisions for a bond before the issuance of the writ, but requires the plaintiff, after judgment, to enter a bond before he can issue execution against the property attached. This bond is given to cover the contingency of the defendant's appearing within a certain time and disproving the debt which formed the basis of the suit. The appellant contends that as the stock was held in another name than that of the true owner, the plaintiff was perforce com-

pelled to proceed under the Act of 1819 and comply with its provisions and file the preliminary bond.

In Willoughby v. Barrett, 60 Pa. Superior Ct. 242, we stated in regard to the Act of 1819, "it makes no reference to the residence of the defendant and does not contemplate the securing of service upon an absent defendant by an attachment of his property, but is an act affording the means by which stock may be sold by writ of execution, and defining the method of determining the real owner where such stock is not held in the name of the true owner." It is true that the act provides that the method of settling the title to the stock held by someone other than the true owner shall be by proceedings in the nature of foreign attachment, but a careful reading of the section shows those proceedings are only employed until judgment is entered, and immediately upon the entry of judgment, the stock may be sold on a fi. fa. There is no provision such as is contained in the Act of 1836 for the protection of the absent defendant's rights in the event if he does not owe the original debt. This provision of the Act of 1836 applies to all proceedings in foreign attachments and if any person wishes to reach "the real and personal estate" of a nonresident debtor, he must proceed under it.

Furthermore, the third section of the Act of 1819 seems to contemplate the bringing of a suit against the debtor, and the process against the stock is merely in aid of execution. It will be observed that the bond and affidavit required must be filed "in the court in which the plaintiff has instituted or is about to institute suit." Does the act intend that the debtor shall be served in "the suit" referred to, and thus have a chance to defend against the original claim and that the proceedings directed against the stock shall be a collateral matter? If this be so, of course the stock of a defendant not residing within the State and not served could not be proceeded against under said act. Whether this view be correct or not there is an essential difference between the

two acts, the earlier is not directed to the securing of service on nonresidents, the latter is framed for that particular purpose.  We are of the opinion when a nonresident defendant is sought to be reached, that the Act of 1836 provides the proper remedy.

This disposes of the only question raised in the case. The judgment is affirmed.