### Commonwealth v. Woodlands Cemetery Co.

*P. Florey*, for escheator.

*P. Price*, for respondent.

FLOOD, J., July 20, 1956.—After considering carefully the many objections set forth therein, we are of the opinion that respondent's petition to dismiss should be denied for the reasons discussed below.

1. In paragraph 5 respondent objects that the escheator fails to meet his statutory obligation to set forth the names and addresses of those persons who possess the property to be escheated, since he names only the Woodlands Cemetery Company as possessor. The objection is founded on the principle that in law a corporation does not possess the property of its shareholders. While this principle has been applied to the case of the attachment of shares (Willoughby v. Barrett, 60 Pa. Superior Ct. 242 (1915)), we do not think it germane to escheat proceedings. We have decided that a corporation was properly named as respondent in a case to compel payment to the Commonwealth without escheat of shares being held by it for issuance in exchange for shares of other corporations pursuant to a merger agreement: Philadelphia Electric Company Case, 39 D. & C. 53 at 61 (1940), affirmed 352 Pa. 457 (1945). Our decision there was based on the assumptions: (1) That the shares of a corporation represent a property interest, a proportion of the total corporate assets; (2) that this property is located in the state of incorporation; and (3) that the corporation has possession of the property of which the share is a fractional interest. It may well be that we shall have to reconsider the applicability of these assumptions in the light of evidence presented at the hearing, but at this stage of the proceeding we are unwilling to abandon our former position which apparently was approved by the Supreme Court.

2. An objection is made in paragraph 6 to the absence of any averment that the property is the property of an intestate. We find no merit in respondent's

position since the escheator has proceeded on a theory unrelated to intestacy.

3. Respondent contends in paragraph 7 that the escheat act cannot be applied to property first made escheatable by the Act of July 29, 1953, P. L. 986, 27 PS §333, until either the running or the expiration of the seven year period after the effective date of the statute.

In section 6 of the Act of July 29, 1953, supra, the legislature declared that the act "... shall apply to all proceedings now pending and to proceedings hereafter instituted". Respondent argues that the effect of section 6, supra, is to require only that the procedural provisions of the act be applied to the present proceedings and to preclude the use of any substantive provisions until the expiration of some statutory period after the enactment date. However, we fail to see any basis for so distinguishing between the procedural and substantive provisions. If the legislature had intended that distinction, it would have said so.

The contention has been twice ruled upon adversely to respondent, although without discussion, in one case by declaring an escheat prior to the expiration of the relevant period of time after the enactment date and in the other by ordering payment into the State Treasury without escheat under similar circumstances: Commonwealth v. The Finance Company of Pennsylvania, 2 D. & C. 611 (1922); Commonwealth v. Girard National Bank, 1 D. & C. 535 (1922). While our Supreme Court does not seem to have passed upon the matter, we think in the light of the above authorities that this objection should not be sustained.

The objection that the act does not apply when the seven year period has run before its effective date is inconsistent with the holding in Philadelphia Electric Company Case, 352 Pa. 457, 463 (1945); there the fact that the statute of limitations had run in favor of

the corporation before the effective date of the Escheat Act was no defence.

4. We consider the statutory provision for notice to be adequate. That provision requires that "the said court shall make such orders relative to advertisements and notices of the proceedings, as shall best serve to inform and advise all parties having an interest, or who may have an interest in said proceedings, of the pendency thereof": Act of July 29, 1953, P. L. 986, sec. 4, 27 PS §43. Our Supreme Court has declared that a similar provision in the Act of May 2, 1889, P. L. 66, prior to its amendment by the Act of 1953, supra, makes notice mandatory: Alton's Estate, 220 Pa. 258, 269 (1908); see, Standard Oil Company v. New Jersey, 2 N. J. Super. 442, 64 A 2d 386 (1949), affirmed 5 N. J. 281, 74 A 2d 565 (1950), affirmed 341 U. S. 428 71 S. Ct. 822 (1951). It cannot be assumed that the court will not order such notice as the Constitution requires. If the court should fail in its duty to any owner, a remedy is provided for him to upset any adverse ruling.

5. Questions which involve nonresidents, e.g. whether the Commonwealth has the power to escheat their property, ought not be decided unless the court is confronted by that situation. Any opinion we might give on this question would be advisory unless we know in fact that there are nonresident shareholders.

6. Respondent objects in paragraph 10 that the Act of June 25, 1937, P. L. 2063, sets forth the exclusive method for escheating property subject to escheat under its provisions and that because that act does not provide for an escheator, the present proceeding cannot be maintained with respect to property which falls within the scope of its provisions. We disagree. Section 5 of the amendment of July 29, 1953, P. L. 986, 27 PS §111, defines the term " 'real and personal property' " to include all property which can be escheated under the Act of 1937, supra; consequently, property

which falls within the orbit of both acts can be escheated under either one. Our Supreme Court has held that the Commonwealth may elect, when alternative procedures exist, the method for taking possession of escheated property: Miles v. Metzger, 316 Pa. 211 (1934).

7. In paragraph 11 respondent objects to the sufficiency of the title of the act in that it fails to indicate either an extension of escheat to include unclaimed property or a change in the time period within which an escheat can occur. In our opinion respondent's contentions are disposed of adversely to it by the decision of the Supreme Court in Germantown Trust Co. v. Powell, 265 Pa. 71 (1919).

8. We doubt the correctness of respondent's objection in paragraph 13 that the accounting provision of the Act of 1889, as amended, is inapplicable to it. A careful reading of paragraph (b) of section 2, paragraph (b) of section 3 and paragraph (a) of section 4, all of the amending Act of July 29, 1953, supra, indicates that the term "trustee" has been employed in its broad sense of fiduciary. The escheator's position that respondent holds the property as a fiduciary, while perhaps a conclusion, should be taken as true prior to hearing the evidence for the purpose of deciding this petition. We, therefore, hold this objection invalid. Proper use of the provisions for discovery and inspection should make unnecessary any summons or citation for an accounting.

9. Respondent objects finally that since it neither holds nor owns the property subject to escheat, service cannot properly be made upon it. What we have already stated with regard to the first objection disposes of this argument.

The rule is discharged and respondent is ordered to file the answer required by section 3(c), Act of July 29, 1953, P. L. 986, within 20 days.